## 9145

### CITY OF COLUMBIA v. PHILLIPS.

#### (85 S. E. 963.)

CRIMINAL LAW. MUNICIPAL ORDINANCES. PROCEDURE AND PRACTICE. EVIDENCE.

1. CRIMINAL LAW—MUNICIPAL ORDINANCES.—The allegation of violation of a city ordinance is an allegation of an offense within the city and an amendment amplifying such allegation at the trial is not error.

2. CRIMINAL LAW—MUNICIPAL ORDINANCES.—A new enactment, unless a repeal is specifically provided for, repeals only inconsistent provisions.

3. CRIMINAL LAW—MUNICIPAL ORDINANCES.—Laws regulating business may apply only to carrying it on in a specific year, but a violation of such ordinance in such year may be prosecuted and punished after such year has expired.

4. CRIMINAL LAW—SUCCESSIVE ORDINANCES.—A transaction commenced in one year and continued in another may be in violation of successive ordinances regulating the conduct of business during these years.

5. CRIMINAL LAW—MUNICIPAL ORDINANCES.—Where it does not appear that any of the same class are excluded from the provisions of an ordinance, it cannot be held discriminatory.

6. CRIMINAL LAW—MUNICIPAL ORDINANCES.—The circumstance that a transaction may be a violation of a State law, does not prevent a city council from making it an offense against the municipal corporation.

7. CRIMINAL LAW—EVIDENCE.—In a criminal prosecution for illegally carrying on the business of a money lender, the existence of written contracts, collateral to the issue, may be established by parol testimony.

Before HON. C. J. RAMAGE, special Judge, Columbia, June, 1915. Affirmed.

Prosecution by the City of Columbia against E. E. Phillips for violation of municipal ordinances. The defendant being found guilty, and sentenced to pay a fine of $40 or

FOOTNOTE.—As to power of municipal corporation to legislate on subjects covered by State laws, and to punish acts which are also offenses under the State law, see 1 L. R. A. (N. S.) 382, 17 L. R. A. (N. S.) 49, 26 L. R. A. (N. S.) 493, 52 L. R. A. (N. S.) 358, 4 A. & E. Ann. Cas. 2, 13 *Id.* 799, Ann. Cas. 1912d, 677.

serve 30 days in jail, appealed. The facts are stated in the opinion.

*Messrs. Cooper & Cooper,* for appellant, cite: *As to amendment of warrant:* 33 S. C. 113; 46 S. C. 563; 43 S. C. 56. *Ordinance regulating business of "private" money lenders is discriminatory:* 19 Iowa 295; 116 N. Y. 41; 54 N. Y. 862; 80 N. Y. 225; 121 Fed. 73; 75 S. C. 62; 165 U. S. 150; 66 S. C. 37; 79 S. C. 9; 31 S. E. 323; 6 L. R. A. 621; 47 S. C. 695; 184 U. S. 540. *Parol evidence showing loans on written contracts inadmissible:* 60 S. C. 300; Jones on Ev. 272; 59 S. C. 253; 77 S. C. 297.

*Mr. Solicitor Cobb* and *Mr. D. W. Robinson,* for respondent, cite: *As to amendment of warrant:* 83 S. C. 563, 564; 51 S. C. 320, 321. *As to validity of ordinance:* 59 S. C. 516, 517; 67 S. C. 42, 44; 92 S. C. 380. *Offense against both State and municipal law:* 85 S. C. 16, 18; 68 S. C. 195; 61 S. C. 105, 106; 58 S. C. 433, 434; 132 U. S. 139. *Law making usury a crime and punishing it as such:* 193 Mo. 16; 5 A. & E. Ann. Cas. 383 and note. *Parol evidence admissible to show collateral matters:* 52 S. C. 82; 43 S. C. 95; 59 S. C. 471; 78 S. C. 39. *Notice to produce not applicable in criminal cases:* Const., art. I, sec. 17; Crim. Code 1912, secs. 90 and 91; 61 S. C. 24; 115 Fed. 972; 54 C. C. A. 365, 366; 122 Fed. 926; 61 C. C. A. 116 and note; 6 Peters 367; 116 U. S. 616.

July 28, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

In the year 1913 the city of Columbia passed this ordinance:

"Any money lender (private) who shall charge, accept or receive interest, charges or compensation for the lending or use of money, directly or indirectly, by whatever name,

means or devise, in excess of the legal rate of eight per cent. per annum, he, or they, shall be subject to a fine not exceeding forty ($40.00) dollars, or imprisonment in the city jail for a time not to exceed thirty days for each offense; and the record of his, her or their conviction shall be reported to the next meeting of the city council, whereupon the license of such party or parties so convicted shall be revoked."

It seems that the same ordinance was passed in the years 1912, 1913 and 1914. The necessity or propriety of the annual adoption of this ordinance does not appear in the record.

The appellant was tried before the recorder for a violation of two of these ordinances. The first warrant was based upon a charge of a violation of the three ordinances, but did not state that the offense was committed within the city of Columbia.

On the day set for trial, and before the jury was sworn, the information was amended by striking out the year 1912 and inserting an allegation that the offense was committed within the city. The appellant moved to quash the warrant on the ground, so far as it affects this appeal, that the warrant could not be amended at all, that the former ordinances had been repealed by the adoption of the latter ordinances and that the ordinance is discriminatory. The motion was overruled and the appellant was convicted.

The testimony tended to show that in February, 1913, the prosecuting witness applied to appellant for a loan of $80.00 and received $72.00 and for four months paid back $80.00 in installments of $20.00 and after that time, on demand of appellant, paid $10.00, $12.00 and $16.00 per month for a while.

The appellant offered no evidence. From the judgment of the recorder the defendant appealed to the Court of General Sessions. That Court affirmed the judgment of

the recorder and the appeal in the Court raises four questions:

I. Was it error in the recorder to allow the amendment and to fail to quash the indictment?

It was not. The allegation of the violation of the ordinance of the city of Columbia was an allegation of an offense within the city. The allegation of a violation of the ordinance of 1912 was, under the evidence, mere surplusage. The general rule is that a new enactment, unless a repeal is specifically provided for, repeals only inconsistent provisions. If, however, the ordinance was the annual license ordinance, then while one cannot be convicted in 1914 for carrying on business in 1914 under the 1913 ordinance, yet there is no reason why one cannot be convicted in 1914 for an offense committed in 1913, under the 1913 ordinance. The 1913 ordinance applies to 1913 and the 1914 ordinance applies to 1914. The ordinances cover different periods and are not in any sense in conflict. A transaction may commence in 1913 and continue in 1914 and be in violation of both ordinances.

II. Was the ordinance discriminatory?

It does not appear to be from the record. The record does not show that there are any money lenders not included in the class.

III. Does the State usury statute forbid this ordinance?

A full answer is found in *Greenville* v. *Kinnis*, 58 S. C. 433, 36 S. E. 727.

"Granting, for the sake of argument only, that the legislature has not seen fit to make it a criminal offense for a person to permit his room, in a building formerly used as a hotel, which he rents and occupies, to be used as a place for gaming with cards, we see no reason whatever why that should operate as a prohibition to the city council from pass-

ing such an ordinance as that here in question.  Common experience shows that city corporations find it necessary for the peace and good order of the city to forbid the doing of many acts, under penalty, as to which the legislature have not found it necessary to legislate.  The ordinance is certainly not in conflict with any act of the legislature."

IV. Was it error to admit parol evidence of written instruments? Neither witness attempted to say what was in the written contracts.  It does not appear that either knew or thought he knew.  The city was attempting to prove two facts of its charge: 1st, that the defendant was carrying on the business of a money lender, and, 2d, that he accepted and received a greater rate of interest than the ordinance allowed.

The exception that raises this question can not be sustained.

The judgment is affirmed.